UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEMECIO ORTEGA,

        Plaintiff,

    -against-

PROSPECT EXPRESS INC, d/b/a
PROSPECT BUILDING SUPPLY, and JOHN
DOE a/k/a SHAWN

        Defendants.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff DENECIO ORTEGA by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants PROSPECT EXPRESS, INC. ("Prospect" or the "Corporate Defendant") and JOHN DOE a/k/a SHAWN ("Shawn") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

**THE PARTIES**

3.      Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 599 Coney Island Ave., Brooklyn, NY, 11218.

4.      Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5.      Upon information and belief, at all relevant times hereto, Defendants have been and continue to be an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6.      Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.      At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8.      Plaintiff has been employed by Defendants to work as a warehouse worker within the last six (6) years.

9.   At all relevant times, Defendants have been Plaintiff's employer within the meaning of the NYLL §§ 2 and 651.

**NATURE OF THE ACTION**

10.     Plaintiff brings this action pursuant to the FLSA and the regulations thereto and the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order

(the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

    i.   Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week; and

    ii.   Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

11.    Additionally, Plaintiff brings this action to challenge Defendants' disability discrimination and retaliatory termination of Plaintiff in violation of the New York City Human Rights Law, New York City Administrative Code § 8-101 *et seq.* ("NYCHRL").

12.    Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

13.    Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

14.    Defendants intentionally violated the FLSA and knowingly underpaid Plaintiff.

## FACT ALLEGATIONS

### I.    Defendants' Wage and Hour Violations.

15.    At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that Defendants have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

3

16.     Defendants have maintained a policy and practice to not pay Plaintiff in accordance with federal and New York State law.

17.     Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff for working in excess of forty (40) hours per week.

18.     Defendants have maintained a policy and practice of failing to provide Plaintiff with wage notices and proper paystubs.

### A. Plaintiff's Schedule and Pay.

19.     Plaintiff worked for Defendants as a warehouse worker from 2004 until 2016 when Defendants terminated him.

20.     Plaintiff complained to the Department of Labor, who did an investigation and directed Defendants to reinstate Plaintiff.

21.     In late 2016 Defendants reinstated Plaintiff and he worked until Defendants terminated him again on February 23, 2020.

22.     Upon his return, Plaintiff worked Monday through Friday from 6:00 a.m. until 2:30 p.m.

23.     Plaintiff regularly worked for his full 8.5 hour shift usually with no meal break or a meal break longer than 20 minutes.

24.     At the end of Plaintiff's employment, Defendants paid Plaintiff $19 an hour.

25.     Defendants paid Plaintiff by check for the first $15 per hour, then the additional $4 per hour in cash.

26.     Although Plaintiff regularly worked more than 40 hours each week, and Defendants knew from the Department of Labor's investigation that they had to pay employees time-and-a-half for hours worked in excess of 40, Defendants never paid Plaintiff at an overtime premium of 150% of his regular rate.

**B. Additional Wage Violations Affecting Plaintiff.**

**1. Notice and Recordkeeping Violations**

27.     Defendants failed to provide Plaintiff with a wage notice or accurate paystubs in compliance with NYLL § 195.

28.     Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

29.     Defendants also did not provide Plaintiff with a paystub specifying the correct regular and overtime hours he worked and other information required under NYLL § 195.

30.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

**C. Defendants' Discrimination Against Plaintiff Because of His Disability.**

31.     During Plaintiff's employment with Defendants, he consistently met or exceeded performance expectations.

32.     In 2015, Plaintiff was diagnosed with diabetes.

33.     When Plaintiff informed his supervisor of his diagnosis, his supervisor laughed at him, stating that he believed Plaintiff to be lying.

34.     Plaintiff's diabetes constitutes an "impairment" under the NYCHRL.

35.     Plaintiff requested reasonable accommodations for his disability from Defendants, which were denied.

36.     Specifically, as a result of his diabetes and high blood pressure, Plaintiff had several medical appointments during the last few months of his employment with Defendants.

37.     Defendants refused to pay Plaintiff for any sick time he took off work to attend these appointments even though, upon information and belief, other employees were paid for sick time.

38.     Defendants began treating Plaintiff more hostilely as a result of Plaintiff's taking time off for medical appointments.

39.     On February 23, 2020, Plaintiff was terminated after requesting that another worker help him move plywood for safety reasons.

40.     Defendants terminated Plaintiff because he requested a reasonable accommodation for an impairment and because of that impairment.

### FIRST CLAIM FOR RELIEF
**(Overtime Wage Violations under the FLSA)**

41.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

42.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

43.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at

one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

44.     Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL)

45.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

47.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times his regular rate of pay, for hours worked in excess of forty (40) per workweek.

48.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CLAIM FOR RELIEF**
**(NYLL Failure to Notify)**

49.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide him with a notice describing, *inter alia*, his hourly regular and overtime rates of pay.

51.     Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff with a wage statement, along with his pay, that specified his rate of pay, hours worked, and the pay period.

52.     Defendants failed to provide Plaintiff with a notice or accurate paystub in accordance with §195 of the NYLL.

53.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each workday Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Impairment Termination**
**On the Basis of Disability**
**In Violation of City Law)**

54.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

55.     By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his impairment, in violation of City Law.

56.     Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

57.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

### FIFTH CLAIM FOR RELIEF
**(Retaliatory Termination
On the Basis of Disability
In Violation of City Law)**

58.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

59.     By the acts and practices described above, Defendants retaliated against Plaintiff by terminating his employment because he requested and availed himself of a reasonable accommodation, in violation of City Law.

60.     Defendants knew that its actions constituted unlawful retaliation and/or that it acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

61.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## SIXTH CLAIM FOR RELIEF
### (Impairment Termination
### On the Basis of Disability
### In Violation of City Law)

62.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

63.     By the acts and practices described above, Defendants discriminated against Plaintiff by terminating his employment on the basis of his impairment, in violation of the City Law.

64.     Defendants knew that its actions constituted unlawful discrimination and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

65.     Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to his reputation as a proximate result of Defendants' discriminatory practices, unless and until this Court grants the relief hereinafter described.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury.

Dated: May 26, 2022
      New York, New York

                           Respectfully submitted,

*Michael Taubenfeld*
                           Michael Taubenfeld
                           FISHER TAUBENFELD LLP
                           225 Broadway, Suite 1700
                           New York, New York 10007
                           Phone: (212) 571-0700
                           *ATTORNEYS FOR PLAINTIFF*